**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANINE BRAUN,                )  | |
|                              ) | |
|     Plaintiff,     ) | |
|                              ) | |
|     v.             ) | 02:04cv1268 |
|                              ) | |
| JO ANNE B. BARNHART,         ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
|                              ) | |
|     Defendant.    ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

August 22, 2005

**I.     Introduction**

Plaintiff, Janine Braun, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied her application for supplemental security income ("SSI") under title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f.

**II.    Background**

    **A.    Facts**

Plaintiff was born on April 19, 1962, and has a high school education. Her past relevant work experience includes employment as a legal secretary and office manager. She has not engaged in substantial gainful activity at any time since 1999.

Plaintiff alleges disability as of January 1, 2002, due to depression[1] and migraine headaches.

### B.  Procedural History

Plaintiff filed her claim for SSI on December 3, 2002, in which she claims total disability since January 1, 2002. An administrative hearing was held on December 17, 2003, before Administrative Law Judge Alma S. deLeon ("ALJ"). Plaintiff was represented by counsel and testified at the hearing. Samuel Edelmann, M.Ed., an impartial vocational expert, also testified at the hearing.

On March 24, 2004, the ALJ rendered a decision unfavorable to Plaintiff in which she found that Plaintiff retained the ability to perform a significant range of heavy work and, therefore, was not "disabled" within the meaning of the Act. (R. at 19.)

The decision of the ALJ became the final decision of the Commissioner on July 2, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On August 4, 2004, Plaintiff filed her Complaint in this Court in which she seeks judicial review of the decision of the ALJ. The parties have filed cross-motions for summary judgment. Plaintiff argues that the decision of the ALJ is not supported by the factual and medical evidence of record. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence. The Court agrees with the Commissioner

---

[1]  The Plaintiff has advised the Court that "for the purposes of this appeal, plaintiff concedes that the ALJ's findings with respect to her psychiatric limitations are supported by substantial evidence." Pl's Br. at 4. Accordingly, the Court's analysis will focus only on Plaintiff's alleged limitations due to her migraine headaches.

and will therefore grant the motion for summary judgment filed by the Commissioner and deny the motion for summary judgment filed by Plaintiff.

**III.    Legal Analysis**

    A.    <u>Standard of Review</u>

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. § 1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186, F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,

> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine

whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that although Plaintiff was unable to return to her former employment, she did have the ability to perform a wide range of heavy work with certain non-exertional limitations. (R. at 19.)

### B.    Discussion

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied.*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

1.    <u>The ALJ properly evaluated the medical evidence of record from Plaintiff's treating physician</u>

The medical evidence of record reflects that on an approximately yearly basis between 1996 and 2003, Plaintiff saw Robert G. Kaniecki, M.D., an Assistant Professor of Neurology associated with the Headache Center of the University of Pittsburgh Medical Center. (R. at 147, 166-78). In May 2001, Plaintiff reported to Dr. Kaniecki that she was doing well on

750 mgs of Depakote. She reported a recent increase in the frequency of her migraines, but Dr. Kaniecki attributed this to Plaintiff's noncompliance with her treatment regiment. He adjusted her medications and instructed her to contact his office every two months to obtain medication refills. In March 2002, Plaintiff reported to Dr. Kaniecki that she was having more frequent headaches due to increased stress. Dr. Kaniecki diagnosed depression and anxiety.

In November 2003, Dr. Ted Scheri wrote a letter to Plaintiff's counsel in which he stated that "[f]rom a medical standpoint, I do not believe [Plaintiff] has any work restrictions and do not believe she is disabled." (R. at 152.)

During the December 2003 hearing, Plaintiff testified that she was unable to work for a number of reasons. She alleged that she experienced a migraine four or five times per month and that her migraines lasted one or two days. (R. at 185.) She testified that her migraine medication made her feel sleepy, but that she had no other medication side effects. (R. at 189.)

Upon review of the medical record of evidence, the Court finds and rules that the medical evidence of record does not reflect that Plaintiff is physically disabled due to her migraine headaches. Significantly, Dr. Kaniecki never opined on any limitations on employment due to Plaintiff's migraine headaches. Throughout her treatment with Dr. Kaniecki, he consistently prescribed Depakote which appeared to control Plaintiff's migraines. She never reported that her medication was ineffective or caused significant side effects and she has never required emergency room care for her migraines. Further, Dr. Scheri specifically opined that Plaintiff was not disabled.

Upon review of the medical evidence of record, the ALJ determined that Plaintiff's migraine headaches were a severe impairment, but not "severe" enough to meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4. (R. at 16.)

The Court finds that the ALJ observed the proper legal standards in evaluating the opinions of the doctors who had treated or examined Plaintiff. Therefore, the Court concludes that there is substantial evidence of record to support the ALJ's decision that Plaintiff was not disabled at any time through the date of her decision, March 24, 2004.

      2.     <u>The ALJ Properly Relied Upon A Complete Hypothetical</u>

In order to determine whether a claimant is capable of performing other substantial gainful activity that exists in significant numbers in the national economy, the ALJ may rely upon the testimony of a vocational expert ("VE"). Testimony of a VE constitutes substantial evidence for the purpose of judicial review when a hypothetical question encompasses all of a claimant's impairments which are supported by the medical record. *Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004); *Burns v. Barnhart,* 312 F.3d 113, 120 (3d Cir. 2002); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Hypothetical questions need only include factors that are supported by objective medical evidence contained in the record. *Chrupcala*, 829 F.2d at 1271. It is not necessary for the ALJ to include facts in a hypothetical question that are supported <u>only</u> by a claimant's subjective testimony. *Id.*

The Court finds that the considerations of the ALJ exceeded those required when she posed the following hypothetical to the VE:

> Q: Assume that I find that Claimant is 41 years old and has a 12th grade education. Assume further that I find she can perform any exertional level

> but is limited by the following. The first one will be to deal with the public. The second one to have minimum interaction with peers and supervisors. The third one to make complex decisions. The fourth one to follow detail instructions. The fifth one to cope with the stress in critical situations. And the sixth one to adapt to frequent changes in a work setting. Would there be any jobs she could work from with those limitations?
>
> A: Yes. Be simple, routine work. I would suggest janitorial work at the medium level, in excess of two million jobs nationally. And office cleaner, 200 at the light level, 260,000 jobs nationally. Or hotel/motel cleaner, 128,000 jobs nationally.
>
> . . . .

(R. at 203).

Upon cross-examination by Plaintiff's counsel, the VE acknowledged that Plaintiff's alleged limitations, for example, that she must lie down in a quiet room, her vision is disturbed, her speech is slurred and she has excruciating pain, would compromise her possibility for employment.

However, as discussed *supra,* the ALJ found that Plaintiff's subjective complaints were not entirely credible. Therefore, it was not necessary for the ALJ to include facts in her hypothetical question which were supported <u>only</u> by the Plaintiff's subjective testimony. *Id.*

The Court finds that the ALJ's hypothetical questions fully accounted for Plaintiff's age, background, and physical impairments, as same were supported by the record evidence. *Ramirez,* 372 F.3d 546; *Chrupcala,* 829 F.2d at 1276.

**IV.    Conclusion**

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court

must defer to the reasonable findings of the ALJ and her conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that she is able to perform a wide range of heavy work.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANINE BRAUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:04cv1268 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

**AND NOW**, this 22nd day of August, 2005, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Plaintiff, Janine Braun (*Document No. 7*) is **DENIED**;

2. The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security, (*Document No. 8*) is **GRANTED**; and

3. The Clerk will docket this case as closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: Karl E. Osterhout, Esquire
Email: karl@keolaw.com

Paul Skirtich
Assistant U.S. Attorney
Email: paul.skirtich@usdoj.gov